IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE JENNIFER CHOE-GROVES

|  |  |
|---|---|
| NUCOR CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>            Defendant,<br><br>     and<br><br>GOVERNMENT OF THE REPUBLIC OF KOREA,<br><br>            Defendant-Intervenor. | Court No. 22-00137 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully submits this opposition to the motion to stay proceedings filed by plaintiff Nucor Corporation (Nucor) (ECF No. 21) (Nucor Mot.). In this action, Nucor challenges the final results of the United States Department of Commerce (Commerce) in the 2019 administrative review of the countervailing duty order covering *Certain Cold-Rolled Steel Flat Products from the Republic of Korea*, 87 Fed. Reg. 20,821 (Dep't of Commerce Apr. 8, 2022) (final results), P.R. 202, corrected by *Certain Cold-Rolled Steel Flat Products from the Republic of Korea*, 87 Fed. Reg. 24,095 (Dep't of Commerce Apr. 22, 2022), P.R. 203, and accompanying Issues and Decision Memorandum. Nucor seeks a stay pending the final resolution of a separate action arising from the administrative review of a different

countervailing duty order, *Certain Corrosion-Resistant Steel Products from the Republic of Korea*, 87 Fed. Reg. 2,759 (Dep't of Commerce Jan. 19, 2022), which has been challenged in *Nucor Corp v. United States*, No. 22-00050 (Ct. Int'l Trade, filed Mar. 9, 2022) (*Nucor I*).

The Court should deny Nucor's motion.  Although both cases concern a determination regarding whether the government of Korea provided electricity for less-than-adequate remuneration, Nucor has not shown that a stay would facilitate an efficient resolution of the case or conserve the parties' and the Court's resources.  Nor has Nucor shown that any duplication of effort outweighs the detrimental effects of a stay.

## **ARGUMENT**

### I.   **Standard Of Review**

"[The] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Apex Exps. v. United States*, 36 C.I.T. 1144, 1146 (2012) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In deciding such a motion, the Court "must weigh and maintain an even balance between competing interest{s} when deciding whether a stay is appropriate," including judicial economy, efficiency, and parties' resources.  *Nexteel Co., Ltd. v. United States*, 556 F. Supp. 3d 1376, 1378 (Ct. Int'l Trade 2022); *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

As the movant, Nucor bears the burden of establishing its need for a stay.  *Landis*, 299 U.S. at 255.  In doing so, Nucor must do more than offer a generalized statement that the proposed stay would result in no harm or prejudice.  *Columbia Forest Prod. v. United States*, 352 F. Supp. 3d 1274, 1276 (Ct. Int'l Trade 2018).

Further, extensive stays, such as the one Nucor seeks here, are disfavored, and require the movant to show a "pressing need" for a protracted stay that is "immoderate or indefinite." *Cherokee Nation*, 124 F.3d at 1416; *accord LG Elecs. Inc. v. United States Int'l Trade Comm'n*, 37 C.I.T. 1589, 1593 (2013) (denying motion to stay in part due to proposed stay's duration). Also, "if there is even a fair possibility that the stay for which {Nucor} prays will work damage to someone else," Nucor must show "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Finally, "stays pending an appeal or other judicial proceeding are an extraordinary and disfavored measure." *Hyundai Elecs. Co., v. United States*, 53 F. Supp. 2d 1334, 1336 n.2 (Ct. Int'l Trade 1999) (quotation omitted). This is because "some harm is inherent in any denial of the right to proceed" because "parties have an interest to quickly resolve the dispute before the court." *Neenah Foundry Co. v. United States*, 24 C.I.T. 202, 205 (2000).

## II. **Nucor Has Not Met Its Burden Of Establishing A Stay Is Appropriate**

This Court should deny Nucor's motion to stay this case pending the outcome of *Nucor I*. Although the two cases may share common legal issues, "each administrative review is a separate segment" of a proceeding with "its own unique facts," *Peer Bearing Co. v. United States*, 587 F. Supp. 2d 1319 (Ct. Int'l Trade 2008), and the Court's review of Commerce's determination is limited to the underlying administrative record, 19 U.S.C. § 1516a(a)(2); 28 U.S.C. § 2635(b)(1).

In *Nucor I*, Nucor has challenged the same issue that is challenged in this proceeding, Commerce's determination regarding the government of Korea's alleged provision of electricity for less-than-adequate remuneration. This is a frequently reoccurring issue in Korean steel countervailing duty administrative reviews and may be presented in new cases that have not been

filed. But this does not warrant staying the current proceeding. Recently, for example, the Court denied a virtually identical motion for a stay in *Nucor Corp. v. United States*, No. 22-70, which involves the 2019 administrative review of the countervailing duty order covering cut-to-length carbon-quality steel plate from the Republic of Korea. Order, *Nucor Corp. v. United States*, No. 22-0070 (Ct. Int'l Trade July 5, 2022), ECF No. 28.

Absent an appeal that could result in controlling precedent, staying this case pending *Nucor I* would not meaningfully promote judicial efficiency. This Court is not bound by any other decision from this Court or even its own decisions. *Algoma Steel Corp. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989). Thus, it is not an efficient use of resources to stay every case presenting a similar issue without knowing when (if ever) the Federal Circuit will issue a dispositive precedential opinion. Here, a stay would conserve only limited resources. If the issue presented in this case is truly identical to the one presented in *Nucor I*, as plaintiff contends (Nucor Mot. at 4), the parties can easily raise identical arguments and, if the Court agrees with the decision in *Nucor I*, the Court can issue an identical opinion.

Nor does Nucor's speculation that *Nucor I* may be appealed to the Federal Circuit currently warrant an indefinite stay. *Bldg. Sys. De Mexico S.A de C.V. v. United States*, 463 F.Supp.3d 1344, 1348 (Ct. Int'l Trade 2020) (explaining that "speculative claims regarding the possible impact of a future decision on the disposition of the case at bar do not suffice to warrant a stay"). Aside from any appeal being hypothetical, the timing of such an appeal would depend on various factors, such as the number and duration of any remands. Without knowing when the issue may be resolved by the Federal Circuit, if ever, the proposed stay results in an extensive and unnecessary delay of the proceeding, a course disfavored by courts, when no pressing need for such a stay has been identified. *Hyundai*, 53 F. Supp. 2d at 1336 n.2.

Nucor's general statement that the proposed stay would not result in any harm or prejudice to other parties falls short of demonstrating the pressing need for the stay and, in any event, is incorrect. *Columbia Forest Prod.*, 352 F. Supp. 3d at 1276. Despite Nucor's assertions otherwise, the proposed stay presents a fair possibility of prejudice for the United States. Some harm is posed by any delay of litigation. *LG Elecs., Inc. v. ITC*, 37 C.I.T. 1589, 1591-92 (2013). For example, during the indefinite stay, the memories of agency personnel and other interested parties will fade. *Id*. New personnel may replace the agency employees with knowledge of the case and the stagnant case will remain dormant on the Court's docket. Experienced and knowledgeable personnel are critical — and indeed the most important — Commerce resources. Thus, Nucor is incorrect in asserting that a stay would not result in any harm or prejudice.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Nucor's motion to stay.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

| | |
|---|---|
| OF COUNSEL: <br> W. MITCH PURDY <br> Attorney <br> Department of Commerce <br> Office of the Chief Counsel <br>   for Trade Enforcement & Compliance | /s/ Elizabeth Anne Speck <br> ELIZABETH ANNE SPECK <br> Trial Counsel <br> U.S. Department of Justice <br> Civil Division <br> Commercial Litigation Branch <br> P.O. Box 480 <br> Ben Franklin Station <br> Washington, D.C.  20044 <br> Tel: (202) 307-0369 <br> Fax: (202) 353-0461 |
| August 18, 2022 | Attorneys for Defendant |

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE JUDGE JENNIFER CHOE-GROVES

| | |
|---|---|
| NUCOR CORPORATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES,  )<br>)<br>Defendant,  )<br>)<br>and  )<br>)<br>GOVERNMENT OF THE REPUBLIC OF  )<br>KOREA,  )<br>)<br>Defendant-Intervenors.  )<br>) | Court No. 22-00137 |

**ORDER**

Upon consideration of the motion to stay filed by Nucor Corporation, as well as defendant's response in opposition thereto, and all other pertinent papers, it is hereby

ORDERED that the motion is DENIED.

DATED: _____, 2022                    _____
        New York, New York                                              JUDGE