UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NUCOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>GOVERNMENT OF THE REPUBLIC OF KOREA,<br><br>    Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 22-00137 |

## ORDER

Plaintiff Nucor Corporation ("Plaintiff" or "Nucor") commenced this action challenging the U.S. Department of Commerce's final results in the 2019 administrative review of the countervailing duty order on certain cold-rolled steel flat products from the Republic of Korea ("Korea"). Summons, ECF No. 1; see also Certain Cold-Rolled Steel Flat Products from the Republic of Korea ("Final Determination"), 87 Fed. Reg. 20,821 (Dep't of Commerce Apr. 8, 2022) (final results of antidumping duty administrative review; 2019-2019). Nucor moves to stay this case pending final disposition of Nucor Corp v. United States ("Nucor I"), Court No. 22-cv-00500 (CIT Mar. 18, 2022). Motion to Stay Proceedings

(Plaintiff's Motion" or Pl.'s Mot."), ECF No. 21. Defendant United States ("Defendant" or "the Government") and Defendant-Intervenor Government of the Republic of Korea ("the Government of Korea") (collectively "Defendants") oppose Plaintiff's motion. Defs.' Opp'n Pl.'s Mot., ECF No. 23; Def.-Intervs.' Opp'n Pl.'s Mot., ECF No. 24. For the reasons discussed below, the Court denies Plaintiff's motion.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In deciding whether to grant or deny a motion to stay, the Court "must weigh and maintain an even balance between competing interests when deciding whether a stay is appropriate." NEXTEEL Co. v. United States, 46 CIT __, __, 556 F. Supp. 3d 1376, 1378 (2022); see also Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

When requesting a stay, the burden of persuasion rests upon the movant. Landis, 299 U.S. at 255. To satisfy this burden, the movant must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay will damage someone else." Columbia Forest Prod. v. United States, 42 CIT __, __, 352 F. Supp. 3d 1274, 1276 (2018) (citing Landis, 299 U.S. at 255). A movant "must 'make a strong showing' that a stay is

necessary and that 'the disadvantageous effect on others would be clearly outweighed.'" Id. (quoting Tak Fat Trading Co. v. United States, 24 CIT 1376, 1377 (2000)).

Plaintiff argues that because "Nucor I concerns [the U.S Department of Commerce's] resolution of virtually identical issues in the final results of the 2019 administrative review of the countervailing duty order covering Certain Corrosion-Resistant Steel Products from the Republic of Korea . . . [,]" it is in the interest of judicial economy and conserving the respective parties' resources to stay the instant case pending resolution of Nucor I. Pl.'s Mot. at 1. Nucor's arguments are not persuasive.

The Court concludes that considerations of judicial economy do not favor a stay. A decision in Nucor I, even though it is before the same Court, is not binding on this Court. See Algoma Steel Corp. v. United States, 865 F.2d 240, 243 (Fed. Cir. 1989). Further, briefing in Nucor I has only recently commenced. See Defs.' Opp'n Pl.'s Mot. at 4. This case could result in an indefinite stay if Nucor's motion is granted.

Nucor's motivation to avoid duplicate efforts, promote judicial economy, and conserve resources is not the type of "pressing need" justifying an indefinite stay. See Cherokee Nation of Oklahoma, 124 F.3d at 1416 (stating that the court abused its discretion by staying an action to avoid duplicative litigation and

conserve judicial resources).

The Court notes that Nucor's request to stay this case runs counter to CIT Rule 1, which promotes "the just, speedy, and inexpensive determination of every action and proceeding." A stay in this case would delay the just and speedy resolution of this litigation. This court has previously held that some harm is inevitably posed by any delay in litigation. LG Elecs., Inc. v. ITC, 37 CIT 1589, 1591–92 (2013); see also Neenah Foundry Co. v. United States, 24 CIT 202, 205 (2000). Further, an indefinite stay would harm Defendants and prejudice opposing parties. Defs.' Opp'n Pls.' Mot. at 5 (noting that "during the indefinite stay, the memories of agency personnel and other interested parties will fade"). The Court concludes that Plaintiff has not shown that any benefits occurring from an indefinite stay would outweigh the potential hardships or inequities.

Upon consideration of Plaintiff's Motion, ECF No. 21, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Plaintiff's Motion, ECF No. 21, is denied; and it is further

**ORDERED** that briefing shall proceed in accordance with the scheduling order entered on August 23, 2022, ECF No. 25.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: August 23, 2022
New York, New York